UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.  1:01-cr-0156-JMS-TAB-01 |
| ) | 1:02-cr-0014-JMS-MJD-01 |
| MATTHEW DEWAYNE SCHOONOVER, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On November 20, 2024, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 23, 2024. Defendant Schoonover appeared in person with his appointed counsel Leslie Wine. The government appeared by James Warden, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Angela Smith.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Schoonover of his rights and provided him with a copy of the petition. Defendant Schoonover orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Schoonover admitted Violation Numbers 1, 2, 3, and 4. [Docket Nos. 75 and 63.] Government orally moved to withdraw the remaining violations, which motion was granted by the Court.

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall pay any restitution that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release."**<br><br>The combined restitution for this case and for case 1:01CR00156-002 is $8,552.88. Mr. Schoonover's last payment of $25 was received on April 15, 2024. Consequently, the total unpaid restitution balance is $5,607.97. As previously reported to the Court, prior to April 15, 2024, the offender remitted a $20 payment on October 18, 2023. |
| 2 | **"The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons."**<br><br>On August 8, 2024, Mr. Schoonover's employment with Belden, which began on January 15, 2024, was terminated. Prior to this job, the offender had been unemployed since September 27, 2023. |
| 3 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."**<br><br>On August 16, and July 27, 2024, Mr. Schoonover submitted urine specimens which tested positive for Amphetamines. He admitted consuming methamphetamine. On June 25, 2024, the offender tested positive for Amphetamines. Subsequently, Abbott Laboratory confirmed this specimen as positive for Amphetamine and Methamphetamine.<br><br>As previously reported, Mr. Schoonover tested positive for Amphetamines on April 30, 2024, and he admitted consuming methamphetamine one week before the drug test. Additionally, on March 18, 2024, as well as December 18, and December 5, 2023, Mr. Schoonover submitted urine specimens which tested positive for Amphetamines. Abbott Laboratory confirmed those specimens as positive for Amphetamine and Methamphetamine. |
| 4 | **"The defendant shall participate in a program of testing and/or treatment for substance abuse and shall pay a portion of the fees of treatment as directed by the probation officer."** |

On March 28, 2024, Mr. Schoonover was referred to Centerstone for substance abuse treatment. On April 26, 2024, that treatment provider completed an assessment which recommended group and individual counseling. From May 10, through July 18, 2024, the offender attended four individual treatment sessions while failing to attend three. Furthermore, during this same time period, Mr. Schoonover failed to attend any virtual group sessions, missing all eight which were scheduled. When confronted, the offender stated he did not feel like he was benefiting from individual treatment and cited he did not understand how to participate in the virtual sessions. The treatment provider communicated to the probation officer that the offender was instructed to report to them and they would assist in setting up his phone for the virtual treatment sessions; however, he failed to do so.

Consequently, due to continued illegal drug use, Mr. Schoonover began participation in a medically assisted treatment program at Groups Recover Together. On August 1, 2024, that treatment provider verified the offender attended a virtual substance abuse treatment on July 29, 2024, and was prescribed Suboxone. A review of prescription records document on July 24, and August 2, 2024, prescriptions for Buprenorphine-Nalox (Suboxone) were filled. On July 27, 2024, Mr. Schoonover communicated to this officer he had not began to take Suboxone. On August 16, 2024, the offender stated he did not attend any virtual drug treatment after July 29, 2024.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is IV.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 12 to 18 months' imprisonment.

5. The parties jointly recommended a sentence of 14 months' incarceration with no supervised release to follow. Defendant requested placement at FCI Ashland.

The Magistrate Judge, having considered the relevant factors in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3583(e) and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 14 months with

no supervised release to follow. The Magistrate Judge will make a recommendation of placement at FCI Ashland with substance abuse treatment. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

So recommended.

Date: 11/22/2024

M. Kendra Klump
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system